(No. 4084— )

WENTHE BROTHERS CO., A CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 21, 1948.*

TAYLOR & SCHNEIDERJON, Attorneys for Claimant.

HON. GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

BERGSTROM, J.

Claimant filed its claim on April 19, 1948 for payment of 26,820 pounds of coal delivered to respondent on December 4, 1946 and 71,200 pounds of coal delivered on December 20, 1946, to the Division of Highways at Effingham, Illinois.

The claim consists of the complaint, departmental report, stipulation, claimant's waiver of brief, and statement, brief and argument of respondent.

The facts, as disclosed by the record, are that claimant submitted a bid to supply respondent an estimated 250 tons of coal at Effingham, Illinois, at $6.75 per ton net, which bid was accepted by respondent on or about September 9, 1946. Pursuant to this contract claimant delivered 26,820 pounds of coal on December 4, 1946 and 71,200 pounds of coal on December 20, 1946, and at the time the aforementioned deliveries were made a strike of major proportions existed in the coal mining industry, and the mine from which claimant had agreed to supply the coal was closed because of said strike. Claimant, however, delivered coal to respondent from another mine, which was accepted, used and found to be of satisfactory specifications. Shortly after delivery invoices were submitted by claimant, but were returned as being incorrect, and corrected invoices were not received until after the

appropriation out of which they could be paid had lapsed. However, at the time said appropriation lapsed, sufficient funds existed to pay claim of the claimant.

In addition to the contract price of $6.75 per ton, claimant contends it is entitled to certain extra charges, incurred by reason of making the deliveries from another mine because of the strike. It is the contention of respondent that claimant is entitled to the reasonable, cash market value of the coal supplied, not, however, to exceed the contract price; that claimant is entitled to receive the sum of $330.82 computed on the basis of $6.75 per ton for 98,200 pounds of coal delivered, instead of the amount of $366.00 claimed.

There is no strike clause in the contract excusing non-performance under such circumstances, and, in the absence of such a clause, we are of the opinion that it does not excuse the non-performance of said contract. It is a general rule of contracts that if a party desires not to be bound in the event of a happening of a contingency, it must so provide in the contract. This, the contract does not do. The manner of contracting for coal and the maximum price which the State may pay therefor is covered by statute, Ch. 127, Pars. 28 and 30, Illinois Revised Statutes 1947, and, under said statute, all contracts for coal are subject to the approval of the Governor, and the maximum price set for the purchase of Illinois coal is $7.00 per ton.

The record shows that the deliveries of the coal in question were made at the direction of the district engineer, but the record does not show, nor is it alleged, that a subsequent or modified contract was made covering the increased cost and transportation charges. The district engineer's orders would have no force and effect, as he had no authority to vary the terms of a written

contract entered into by his superiors. Under the circumstances, we are of the opinion that all claimant can recover for the coal delivered is at the rate of $6.75 per ton.

With reference to the remaining question of non-payment because of lapsed appropriations, this Court has repeatedly held that where materials or supplies have been properly furnished to the State, and a bill therefor has been submitted within a reasonable time, but the same was not approved and vouchered for payment before the lapse of the appropriation from which it is payable, an award of the reasonable value of the supplies will be made, where, at the time the expenses were incurred there were sufficient funds remaining unexpended in the appropriation to pay the same. *Johnson* v. *State,* 16 C.C.R. 96; *The Texas Co.* v. *State,* 16 C.C.R. 55; *Standard Oil Co.* v. *State,* 16 C.C.R. 85; *Northwest Ignition & Radiator Service* v. *State,* 16 C.C.R. 91; and *Shell Oil Co.* v. *State,* 16 C.C.R. 257. This case comes within the rule above set forth.

An award is therefore entered in favor of claimant, Wenthe Brothers Co., a corporation, for the sum of Three Hundred Thirty and 82/100 Dollars ($330.82).